UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MATTHEW A. MITCHELL § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:15-cv-230 |
| § | |
| § | JURY |
| TRAVELERS LLOYDS OF TEXAS § | |
| INSURANCE COMPANY § | |
| § | |
| Defendant. § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Travelers Lloyds of Texas Insurance Company ("Travelers" or "Defendant") files its Notice of Removal of this action from the County Court at Law No. 6 of Collin County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division, the District and Division encompassing the state court in which this action is pending.  This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446.  In support hereof, Travelers shows this Court as follows:

1. On February 25, 2015, Plaintiff Matthew A. Mitchell ("Plaintiff") filed an Original Petition (the "Complaint") in the County Court at Law No. 6 of Collin County, Texas, styled *Matthew A. Mitchell v. Travelers Lloyds of Texas Insurance Company*, where it was assigned Cause No. 006-00508-2015.

2. On March 4, 2015, Travelers was served with a citation and the Complaint. Removal is timely because thirty (30) days have not elapsed since Travelers was served with a summons or citation.  28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526

U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served even if the complaint is received at a prior date).

3. Travelers is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of the County Court at Law No. 6 of Collin County, Texas, and will serve a copy of the Notice of Removal on Plaintiff.

4. In accordance with Local Rule CV-81, attached are the following:

**Exhibit A:** A list of all parties in the case, their party type, current status of the removed case, list of the attorneys involved in the action, a record of the party that requested trial by jury, if any, and the name and address of the court from which the case is being removed;

**Exhibit B:** A certified copy of the state court docket sheet; and

**Exhibit C:** A copy of all documents filed in the state court action.

### GROUND FOR REMOVAL: DIVERSITY

5. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

**(a) The amount in controversy exceeds the federal minimum jurisdictional requirements.**

6. In his Complaint, Plaintiff alleges Travelers failed to properly adjust an insurance claim and refused to adequately compensate him for covered losses under the insurance policy. Plaintiff does not specify the dollar amount of damages he seeks to recover in his Complaint. However, Plaintiff does state that he seeks the "amount of the policy benefits withheld," direct and indirect consequential damages, exemplary damages, damages for mental anguish, and attorney's fees. *See* Ex. C-1 at ¶ 58. Furthermore, in connection with his claims of

noncompliance with the Texas Unfair Competition and Unfair Practices Act, Plaintiff seeks "three times economic damages and three times mental anguish damages." *Id.*

7. When, as in this case, the complaint does not plead an amount in controversy, the removing defendant has the burden of proving that the amount in controversy exceeds the sum of $75,000. *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773-74 (5th Cir. 2003). When a plaintiff pleads for trebling of damages and attorney's fees, those sums must be considered in determining whether the amount in controversy exceeds $75,000. *See Dow Agrosciences, LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003); *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). Attorney's fees are an element of the amount in controversy where their recovery is authorized by a statute under which the plaintiff sues. *H&D Tire & Auto Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000), cert denied, 534 U.S. 894 (2001).

8. While it is not known what amount of policy benefits Plaintiff is seeking, Plaintiff previously provided Travelers with an estimate for $20,702.96, presumably the amount he claims he is entitled to under the policy. In addition, Plaintiff is seeking treble damages, damages for mental anguish and attorney's fees, likely premised on a contingent fee of 40%. Considering all of these elements of damage, Plaintiff's claims exceed $75,000, exclusive of interest and costs. Accordingly, this Court has jurisdiction and removal is proper.

    **(b) Complete diversity between Plaintiff and Defendant exists.**

9. Plaintiff was at the time of the filing of this action, has been at all times since, and is still an individual resident citizen of the State of Texas. For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning home whenever he is

absent therefrom. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Accordingly, Plaintiff is a citizen of Texas.

10. Travelers is a Lloyd's plan insurance association and is an unincorporated association. For purposes of diversity jurisdiction, the citizenship of a Lloyd's plan insurance association is determined by the citizenship of its underwriters. *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993); *see also State Farm Lloyds v. Peed*, No. CIV.A. 3:00CV1696-BC, 2001 WL 513427 (N.D. Tex. May 9, 2001) ("For purposes of diversity jurisdiction, a Lloyds Plan insurer is considered an 'unincorporated association' whose citizenship is determined solely by the citizenship of its underwriters."). Travelers' underwriters are all citizens of Connecticut; none of its underwriters are citizens of Texas. Accordingly, Travelers is a citizen of Connecticut.

11. Accordingly, because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while Defendant is a citizen of Connecticut, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332. Removal is therefore proper.

WHEREFORE, Travelers prays that the above-described action now pending in the County Court at Law No. 6 of Collin County, Texas be removed to this Court.

Respectfully submitted,

  */s/ Wm. Lance Lewis*
WM. LANCE LEWIS
Texas Bar No. 12314560
MARCIE L. SCHOUT
Texas Bar No. 24027960
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Phone)
(214) 871-2111 (Fax)
llewis@qslwm.com
mschout@qslwm.com

**ATTORNEYS FOR DEFENDANT TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing pleading has been furnished to Plaintiff's counsel of record, via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure, this 3rd day of April, 2015.

    Eric B. Dick, LL.M.
    DICK LAW FIRM, PLLC
    3701 Brookwoods
    Houston, Texas 77092

      */s/ Marcie L. Schout*
      Marcie L. Schout