UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MATTHEW A. MITCHELL<br>Plaintiff | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 4:15-CV230 |
| | § | |
| TRAVELERS LLOYDS OF TEXAS<br>INSURANCE COMPANY<br>Defendant | §<br>§<br>§ | |

## PLAINTIFFS FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MATTHEW A. MITCHELL (herein "Plaintiff"), who files this, its FIRST AMENDED PETITION against TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY (herein "Defendant") and for cause of action would respectfully show the court as follows:

**I.**

**Preliminary Information and Definitions**

1. Insured: MATTHEW A. MITCHELL (herein "Plaintiff")

   Policy Number: 0XK509977399159676 (herein "Policy")

   Claim Number: HTH9687001H (herein "Claim" or "Claim Number")

   Date of Loss: 4/2/2014 (herein "Date of Loss")

   Insured Property: 2408 SHELDON ROAD; MCKINNEY, TX 75070

   (herein "Property" or "Insured Property")

   Insurer: TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY (herein "Defendant")

   Defendant's attorney for service is:

   CORPORATION SERVICE COMPANY

   211 EAST 7TH STREET, SUITE 620; AUSTIN, TX 78701-3218

## II.

## Parties

2. Plaintiff is an individual who resides in Texas.

3. Defendant is a Texas "Domestic" company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with process by in person or certified mail, return receipt requested, by serving: (1) the president, an active vice president, secretary, or attorney in fact at the home office or principal place of business of the company; or (2) leaving a copy of the process at the home office or principal business office of the company during regular business hours.

## III.

## Jurisdiction

4. The Court has jurisdiction over Defendant because Defendant engages in the business of insurance in the State of Texas and the cause of action arises out of Defendant's business activities in the State of Texas.

## IV.

## Venue

5. Venue is proper in COLLIN County, Texas because the insured property is situated in COLLIN County, Texas and/or the contract was signed in COLLIN County, Texas. TEX. CIV. PRAC. & REM. CODE. § 15.032

## V.

## Facts

6. Plaintiff was the owner of the Policy issued by Defendant. Plaintiff owns the insured property.

7. Defendant sold the policy, insuring the property that is the subject of this lawsuit to Plaintiff. The Plaintiff suffered a significant loss with respect to the property at issue, and suffered additional living expenses.

8. Plaintiff submitted its claim to Defendant with a Date of Loss for damage to the dwelling and contents of

the home.

9. Defendant assigned a Claim Number to Plaintiff's claim.

10. Defendant failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious cosmetic and structural damage.

11. Defendant improperly paid Plaintiffs claim for replacement of the property, even though the policy provided coverage for losses such as those suffered by Plaintiff.

12. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy. Defendant failed and refused to pay the full proceeds of the policy although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Plaintiff. Such conduct constitutes breach of the insurance contract between Defendant and Plaintiff.

13. Defendant misrepresented to Plaintiff that the damage to the property was not in excess to the amount paid even though the damage was caused by a covered occurrence. Defendant's conduct constitutes violations of the Texas Insurance Code.

14. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner although they were aware of their liability to Plaintiff under the policy. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(2).

15. Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanations why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes

violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(3).

16. Defendant failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541 060(4).

17. Defendant refused to fully compensate Plaintiff, under the terms of the policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(7).

18. Defendant failed to meet its obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claims, beginning investigations to Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff's claims. Defendant's conduct constitutes violations of the *Texas Prompt Payment of* Claims *Act.* TEX. INS. CODE § 542.055.

19. Defendant failed to accept or deny Plaintiff's full and entire claims within fifteen (15) business days of receiving all required information. Defendant's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE § 542.056.

20. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiffs claims longer than allowed and, to date, Plaintiff has not yet received full payment for the claims. Defendant's conduct constitutes a violation of the *Texas Prompt Payment* of *Claims Act.* TEX. INS. CODE § 542.055.

21. From and after the time Plaintiffs claims were presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance

company would have relied on to deny the full payment. Defendant's conduct equates to breaches of the common law duty of good faith and fair dealing.

22. As a result of Defendant's acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

23. Plaintiffs experience is not an isolated case. The acts and omissions Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## VI.

### Causes of Action:

24. Plaintiff incorporates the above paragraphs by reference.

### COUNT 1:

### Breach and Anticipatory Breach of Contract

25. Defendant's conduct, as described in this petition, constitutes a breach of the insurance contract made between Defendant and Plaintiff.  Plaintiff anticipates that Defendant will continue in such breaches of contract.

26. Defendant's failure and refusal, as described above, to pay the adequate compensation as is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff.  Furthermore, Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees for such violations of the Texas Insurance Code.

27. Defendant's conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act.* TEX. INS. CODE, Chapter 541.  All violations under this article are made actionable by

TEX. INS. CODE § 541.151.

28. Defendant's unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

29. Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

30. Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

31. Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims Plaintiff or to submit a reservation of rights to Plaintiff constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

32. Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs claims without conducting a reasonable investigation, constitutes an unfair method of competition an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060, and § 541.061. Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"

33. Defendant's conduct constitutes multiple violations of the *Texas Prompt Payment* of *Claims Act.* TEX. INS. CODE, Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

34. Defendant's failure, as described above, to acknowledge receipt of Plaintiffs claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE § 542.055-542.060.

35. Defendant's delay of payment of Plaintiffs claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for constitutes a non-prompt payment of the claims. TEX. INS. CODE § 542.055-542.060.

## COUNT 2:

## Breach of the Duty of Good Faith and Fair Dealing

36. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured's in insurance contracts.  See: *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 1997 Tex. LEXIS 69 (Tex. 1997). Defendant insurance company acted in bad faith when it denied a claim by plaintiff insureds; in an action for property damage due to plumbing leaks the insurer was found to have hired an investigating firm biased against finding liability, failed to follow up on substantial information indicating the leaks were the cause of damage, and the court held that denial of coverage could have been pre-textual.

37. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although at that time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing, as well as Defendant's canceling said Policy.

## COUNT 3:

## Deceptive Trade Practices & Unconscionable Conduct – Knowledge and Intent

38. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described therein by Texas Deceptive Trade Practices Act**.**

39. Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive

Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

40. At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant. Defendant has violated the Texas Deceptive Trade Practices Act in one or more of the following manners:

   a.  Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

   b.  Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

   c.  Advertising goods or services with intent not to sell them as advertised;

   d.  Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

   e.  Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

   f.  Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

   g.  Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and/or

    h.    Engaging in an unconscionable course of conduct.

## COUNT 4:

## Violations of Texas Prompt Payment of Claims Act:

## Texas Insurance Code, Chapter 542:

## Strict Liability with No Good Faith Exception

41. Defendant's conduct, as described above, constitutes multiple violations of *Texas Prompt Payment of Claims Act.*

42. As described above, Plaintiff has a claim under an insurance policy, the insurer is liable for the claim and the insurer has failed to comply with the requirement of *Texas Prompt Payment of Claims Act.* TEX. INS. CODE § 542.051-542.061.

43. As described above, Defendant failed to perform one or more of the following duties not later than the 15th day (30th day if Defendant is a surplus lines insurer) after receipt of notice of at the claim:[1]

    a.    Acknowledge the claim. Defendant failed to acknowledge receipt of the claim, including separate claims arising from the same incident. TEX. INS. CODE § 542.055(a)(1). See *Dunn v. Southern Farm Bur. Cas. Ins. Co.,* 991 S.W.2d 467, 472 (Tex. App.-Tyler 1999, pet. denied);

    b.    Record the acknowledgement. Defendant failed to make a record of the date, means, and content of the acknowledgement. TEX. INS. CODE § 542.055(c);

    c.    Commence the investigation. Defendant failed to make commence a reasonable investigation of the claim. TEX. INS. CODE § 542.055(a)(2); and/or

    d.    Request information from the claimant. Defendant failed to request from the Plaintiff all items, statements and forms reasonably needed from Plaintiff. TEX. INS. CODE § 542.055(a)(3).

---

[1] TEX. INS. CODE § 542.055(a)

44. As described above, Defendant failed to perform one or more of the following duties after Defendant received all items, statements, and forms reasonable required by the Plaintiff:

   a. Accept of reject the claim.  Defendant failed to notify Plaintiff by the 15th "business day" that Defendant either accepts or rejects the claim.[23]  TEX. INS. CODE § 542.056(d);

   b. State reasons for any rejection.  Defendant failed to notify Plaintiff of any reasons for denying such claim.  TEX. INS. CODE § 542.056(c);

   c. Ask for more time and tell why it is needed.  Defendant failed to notify Plaintiff it needed more time and the reasons for seeking more time.  TEX. INS. CODE § 542.056(d);

   d. Pay the claim after accepting.  Defendant failed to pay the claim within five "business days" or twenty days if Defendant is a surplus lines insurer.  TEX. INS. CODE § 542.057(a),(c);

   e. Pay the claim after the claimant performs any condition.  If Defendant sought a condition on Plaintiff, it did not pay such claim within five "business days" or twenty days if Defendant is a surplus lines insurer after such condition was satisfied. TEX. INS. CODE § 542.057(b); and/or

   f. Pay the claim within 60 days after receipt of information.  Defendant failed to pay the claim within 60 days after receiving the items requested from Plaintiff.  TEX. INS. CODE § 542.058(a).

## COUNT 5:

### Unfair Insurance Practices:

### Texas Insurance Code, Chapter 541

45. Defendant's conduct, as described above, constitutes multiple violations of Unfair Insurance Practices.

46. Defendant engaged in one or more of the following settlement practices with respect to a claim made by

---

[2] Defendant has not indicated it suspects arson thus allowing 30 days. TEX. INS. CODE § 542.056(b)
[3] Defendant has not sought a 45 day extension.  TEX. INS. CODE § 542.056(d)

Plaintiff[4]:

a. misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim:

  i. with respect to which the Defendant's liability has become reasonably clear; or

  ii. a claim under one portion of the policy of the claim with respect to which the Defendant's liability has become reasonably clear in order to influence Plaintiff to settle an additional claim under another portion of the coverage, unless payment under one portion of the coverage constitutes evidence of liability under another portion of the policy;

c. failing to provide promptly to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Defendant's denial of the claim or for the offer of a compromise settlement of the claim;

d. failing within a reasonable time to:

  i. affirm or deny coverage of a claim to Plaintiff;

  ii. submit a reservation of rights to a Plaintiff;

e. refusing, failing, or unreasonably delaying an offer of settlement under first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;

f. undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim; and/or

    g.    requiring Plaintiff, as a condition of settling a claim, to produce Plaintiff's federal income tax returns for examination or investigation.

47. Defendant may have engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[5]:

    a.    misrepresentations and false advertising of policy contracts;

    b.    false information and advertising generally;

    c.    defamation of insurers or persons engaged in the business of insurance;

    d.    boycott, coercion, and intimidation in the business of insurance;

    e.    false financial statements;

    f.    stock operations and advisory board contracts;

    g.    unfair discrimination;

    h.    rebates;

    i.    deceptive names, words, symbols, devises, and slogans; and/or

    j.    misrepresentation of the insurance policies;

48. Defendant engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[6]:

    a.    making an untrue statement of material fact;

---

[4] TEX. INS. CODE § 541.060
[5] TEX. INS. CODE § 541.151
[6] TEX. INS. CODE § 541.061

    b.      failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

    c.      making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;

    d.      making a material misstatement of law; and/or

    e.      failing to disclose a matter required by law to be disclosed, including failing to make disclosure in accordance with an other provision of the insurance code.

## VII.

## Damages and Prayer

49. WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, complains of Defendant and prays that Defendant be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendant the following:

    a.      Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and or producing causes of damages sustained by Plaintiff.

    b.      For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of the policy benefits withheld, together with consequential damages and attorney's fees.

    c.      For noncompliance with the *Texas Unfair Competition and Unfair Practices Act,* Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and mandatory attorney's fees.  See *Rosenblatt v. Freedom Life Ins. Co. of Am.*, 240 S.W.3d 315, 2007 Tex. App. LEXIS 6177 (Tex. App.—Houston [1st Dist.] 2007, no pet.)  For knowing and intentional conduct of the acts complained of, Plaintiff asks for three times

economic damages and three times mental anguish damages. See TEX. INS. CODE § 541.152 and TEX. BUS. & COM. CODE § 17.50.

d. For noncompliance with *Texas Prompt Payment of Claims Act*, which is strict liability without any good faith exceptions, Plaintiff is entitled to the amount of her claims, as well as eighteen (18) percent interest on the total amount of the claim per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which she may show here to be justly entitled. See *Am. Nat'l. Prop. & Cas. Co. Inc. v. Patty*, No. 05-00-01171-CV, 2001 Tex. App. LEXIS 5493 (Tex. App.—Dallas Aug. 15, 2001, pet. denied) (unpublished). The formula for calculating the interest penalty under this article is "$I = P\,R\,T$," where "I" is interest, "P" equals the principal, "R" equals the rate of interest, and "T" equals time over which interest is to be calculated. Thus, where the insurer tendered less than the face value of the policy, the penalty should have been calculated until judgment was entered against the insurer. Tender of partial payment of a claim does not reduce the penalty: the penalty is calculated based on the amount of the "claim," not the difference between the claim and any partial payment that is made. See *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 106 S.W.3d 174, 183-84 (Tex.App.—Amarillo 2003, pet. denied). Also See *Higginbotham v. State Farm Mut. Auto. Ins. Co.,* 103 F.3d 456, 461 (5th Cir. 1997). Violations of Tex. Ins. Code § 542 are strict liability without any exception.

e. For breach of the common law duty of good faith and fair dwelling, actual damages, direct and indirect consequential damages, exemplary damages and mental anguish as to be determined by the jury. See *Lee v. Safemate Life Ins. Co.*, 737 S.W.2d 84, 1987 Tex. App. LEXIS 8111 (Tex. App.—El Paso 1987, writ dism'd). Exemplary damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions; mental anguish damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions.

    f.    Plaintiff seeks attorney fees at a contingent rate of forty-five percent as allowed by law. If attorney fees must be quantified at an hourly rate, Plaintiff seeks attorney fees at $450 an hour. See *Mid-Century Ins. Co. v. Barclay*, 880 S.W.2d 807, 1994 Tex. App. LEXIS 1480 (Tex. App.—Austin 1994, writ denied). Attorney's fees are awarded to a party as part of the damages owed by an insurance company that violates this chapter, and it is appropriate to require the insurer to pay a contingency fee, which may be greater than an hourly fee. The specter of large attorney's fee awards may serve as additional incentive to the insurance company to respond promptly and diligently to its insured's claims.

    g.    Furthermore, the denial and/or wrongful delay to provide Plaintiff with insurance benefits by Defendant was apparently part of a common plan, routine, scheme, and design calculated to deny insurance benefits to policy holders. In order to punish Defendant and to set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages should be awarded. Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems appropriate.

## VII.

### JURY DEMAND

50. Plaintiff respectfully demands a trial by jury and remits such fee.

Respectfully Submitted,

**DICK LAW FIRM, PLLC**

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
Dick Law Firm, PLLC
3701 Brookwoods Drive

Houston, Texas 77092
(832) 207-2007 Office
(713) 498-7969 Cellular
(713) 893-6931 Facsimile
ebdick@gmail.com
www.dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**